## Monroe *v.* Monroe, Appellant (No. 1).

*Partition—Master—Prosecution of suit—Equity—Owelty—Notice to creditors.*

A master in partition is not obliged to stop proceedings merely because a person who was not a party to the suit files a bill in equity against the plaintiff to stay proceedings and notifies the master of the filing of the bill.

Where a master in partition proceedings accepts the bid of the plaintiff, and awards one half of the bid to the defendant charging it on the land until it is paid, the land is sufficient security for the share of the defendant, and no bond need be required of the plaintiff.

In partition proceedings where it appears that the relations of plaintiff and defendant are not harmonious, that defendant is in possession of a part of the land, and that plaintiff's bid for the whole land is accepted, the court will fix a time within which the defendant's share shall be paid to him by the plaintiff, leaving the plaintiff to his legal remedy to secure possession.

A decree sustaining a master's report in partition will not be reversed because the master failed to give notice to creditors, where there is no evidence that there were creditors, and it appeared that the master made proper searches for liens of record, and found none.

Argued Jan. 14, 1904. Appeal, No. 32, Jan. T., 1904, by defendant, from decree of C. P. Luzerne Co., Dec. T., 1901,

48      MONROE *v.* MONROE, Appellant (NO. 1).

No. 4, dismissing exceptions to master's report in case of Mary A. Monroe v. Robert C. Monroe.   Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity for partition.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to master's report.

*W. Alfred Valentine*, with him *L. Floyd Hess*, for appellant. —The proceedings in partition should have been stayed, pending the outcome of the bill in equity, and the suit on the bond : Cowan's Est., 184 Pa. 339 ; Dresher v. Water Co., 52 Pa. 225.

Where a decedent's realty is sold in partition and the sale is confirmed within two years from the decedent's death, the land is sold subject to the lien of the decedent's debts : Bricker's Estate, 22 Pa. Superior Ct. 12.

The master should have ordered a complete search for liens and advertised the distribution of the fund : Newell v. Clark, 15 W. N. C. 157 ; Reess v. Pye, 15 Phila. 16 ; Beynon's Est., 31 Pitts. L. J. (N. S.) 381 ; Dresher v. Water Co., 52 Pa. 225.

The security for the payment of the purchase money or owelty should have been required : Honnett v. Thompson, 20 P. L. J. (N. S.) 103 ; Palethorp v. Palethorp, 198 Pa. 395 ; Christy's App., 110 Pa. 538 ; Davis v. Norris, 8 Pa. 122 ; Com. v. Royer, 161 Pa. 351 ; Seaton v. Barry, 4 W. & S. 183 ; Com. v. Haffey, 6 Pa. 348 ; Stewart v. Miller, 4 W. N. C. 552 ; Klohs v. Reifsnyder, 61 Pa. 240–242 ; Klinger v. Seiwell, 6 Kulp, 329–332.

*G. J. Clark*, for appellee, cited : Gregg's App., 20 Pa. 148 ; Church's App., 13 Atl. Repr. 756.

OPINION BY BEAVER, J., July 28, 1904 :

Plaintiff filed her bill in the court of common pleas of Luzerne county, praying for partition of lands held by the de-

fendant and herself as tenants in common.   After appearance by defendant, a decree in partition was granted January 6, 1902, and master appointed.

At a meeting before the master April 18, 1902, at his office, " it was agreed by the parties and their respective counsel as follows : First, that the premises in question cannot be divided, without prejudice to or spoiling the whole ; second, that the master should value from his knowledge acquired by inspection and view and inquiries." ·

April 30, 1902, H. H. Monroe, father of the defendant, filed a bill in equity, against Mary A. Monroe, the plaintiff in the bill, asking for partition, praying for an injunction to restrain the present plaintiff "from further proceeding in said action for partition until the said claim of said Rolla B. Watson be settled and satisfied according to law."

On May 1, 1892, when the parties appeared before the master under a rule, it is alleged that notice of the filing of this bill was given to the master.   A copy of the bill was submitted and, the defendant having refused to bid, he allotted the premises to the plaintiff, Mary A. Monroe, at her bid of $2,150, which was the valuation made thereon by the master.

A tentative distribution of the bid of the plaintiff was made by the master after due notice to and appearance on behalf of both parties.   In his report on distribution he found, as matter of fact : " 1. The relations between the plaintiff and the defendant in this action are unfriendly and hostile.   2. Both parties live on the premises in controversy but in separate houses."   After deducting costs, which were not objected to, there remained of the purchase money $2,000, which was, of course, equally divided.   The master added: " As Mary A. Monroe has been allotted the property, the amount due her is merged.   The amount due Robert C. Monroe should be charged on the property as owelty and should be paid within thirty days after he shall vacate the premises and surrender possession thereof to Mary A. Monroe, her heirs or assigns."

Numerous exceptions were filed to the master's report which were disposed of by him whose disposition of them was confirmed by the court below.   The substance of these exceptions is contained in the assignments of error which, in effect, are : (1) That the master refused to take official notice of and be

governed by the bill in equity filed by H. H. Monroe v. Mary A. Monroe, the plaintiff in the partition bill; (2) that the master erred in making distribution "before the plaintiff had given security for the payment of the purchase money and before the terms of the payment of the purchase money were ascertained or any decree made obliging her to pay the purchase money; (3) in imposing conditions upon the defendant's right to a decree for his share of the purchase money until he should remove from the premises and surrender the same to the plaintiff and that no interest should be paid to him in the meantime; and (4) in undertaking to make distribution of the land, without giving notice to the creditors of either the plaintiff or the defendant or the parties from whom they acquired title."

1. The disposition of the case of Monroe v. Monroe, infra, the opinion in which is filed herewith, disposes of the first assignment of error. The master was not bound to take notice of the bill filed by H. H. Monroe. He was not in any way a party to it and was acting under a decree of the court, whose mandate it was his duty to obey until his hand was stayed by the court which appointed him or by superior authority.

2. The Act of July 7, 1885, P. L. 257, makes no provision for security for the payment of owelty other than that the master after "such partition and valuation has been made shall award and allot the said purparts to and among the parties entitled, together with the sum to be charged thereon and payable as and for owelty of partition." In this case the land was abundant security for the share of the defendant.

So far as the distribution is concerned, it was merely tentative and was a schedule by which the plaintiff was enabled to pay under authoritative sanction the costs of the proceedings, including the master's compensation. We cannot see that the defendant is in any way harmed by the distribution. It is the only one which could have been made under any circumstances, unless the rights of others intervened, and of this there is no intimation in the exceptions which were taken.

3. Under the circumstances, the master having found that the relations between the parties were not harmonious and that the defendant was in actual possession of the premises, we can see nothing inequitable in requiring him to deliver possession

before the payment of owelty due him; but, inasmuch as the time for the payment should be definitely fixed and defendant has a complete legal remedy through which she can obtain possession, we will modify the decree as to the time of payment of owelty so that no possible injustice can be done.

4. The plaintiff is not injured in any way, even if no notice, such as he alleged should be given, was given to possible creditors.   There is no suggestion that there are creditors and none are complaining.   The master seems to have made proper search as to whether or not there were any liens of record and, finding none, he awarded the entire fund for distribution, save what was merged, to the defendant.   Of this he has no right to complain.

None of the assignments of error have substantial merit and the decree of the court below is, therefore, affirmed, except only as to the payment of owelty, as to which the decree is modified so as to require the same to be paid by the defendant to the plaintiff within thirty days from the date of this decree. Costs to be paid by the appellant.